UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD COSBY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:19cv1898 (MPS) |
| | : | |
| OFFICER DEJESUS, | : | |
| Defendant. | : | |

**<u>INITIAL REVIEW ORDER</u>**

On December 2, 2019, the *pro se* plaintiff, Howard Cosby, a sentenced inmate in the

custody of the Connecticut Department of Correction ("DOC"), filed this civil rights complaint

pursuant to 42 U.S.C. § 1983 against Correction Officer DeJesus for violation of his Eighth

Amendment rights under the United States Constitution. He sues Officer DeJesus in his

individual capacity for damages. Compl., ECF No. 1 at ¶ 1. For the following reasons, Cosby's

Eighth Amendment and state common law assault and battery claims will proceed against

Correction Officer DeJesus.

## I.      STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss

any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such

relief. Although detailed allegations are not required, the complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based

and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic*, 550 U.S. at 556).

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II.   ALLEGATIONS

On October 24, 2018, at MacDougall-Walker Correctional Institute, Correction Officer DeJesus shut the cell door on the plaintiff, injuring the plaintiff's left shoulder. Compl., ECF No. 1 at ¶ 1. The plaintiff and others screamed repeatedly to have Officer DeJesus open the cell door, but Officer DeJesus waited unnecessarily before opening the door. *Id.* at ¶ 2. When the plaintiff asked Officer DeJesus why he shut the door of his cell, Officer DeJesus responded, "Because I can Cosby." *Id.* at ¶ 3. Officer DeJesus knew he was supposed to give the plaintiff adequate time prior to securing the door and had been reminded to do so by Warden Mulligan. *Id.* at ¶¶ 4-5. However, DeJesus disregarded Warden Mulligan's order so that he could injure the plaintiff. *Id.* at ¶ 4.

The plaintiff received medical care for his shoulder, and he was placed in physical therapy. *Id.* at ¶¶ 3-4. The plaintiff filed level 1, 2 and 3 grievances regarding Officer DeJesus's

use of excessive force, assault, and violation of the plaintiff's Eighth Amendment rights. *Id.* at ¶ 6-8.

Officer DeJesus's conduct has caused the plaintiff physical, mental and emotional pain and suffering. *Id.* at ¶¶ 6-9.

### III.    DISCUSSION

The Court construes the plaintiff's complaint as alleging an Eighth Amendment violation based on Correction Officer DeJesus's misuse of force. *See id.* at ¶¶ 6-9. The plaintiff's complaint may also be construed to assert state law tort claims of assault and battery. *Id.*

<u>Misuse of Force</u>

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). An inmate alleging excessive force in violation of the Eighth Amendment has the burden of establishing both an objective and subjective component to his claim. *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000); *see also Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

To meet the objective component, the inmate must allege that the defendant's conduct was serious enough to have inflicted more than a "de minimis" injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal quotation marks and citation omitted).  The subjective component of the excessive force standard requires a showing that an officer's use of excessive force was "carried out 'maliciously and sadistically' rather than as part of 'a good faith effort to maintain or restore discipline.'" *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (quoting *Hudson,* 503 U.S. at 9). The court considers factors including "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible

3

officials, and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7 (internal quotations and citation omitted). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). The plaintiff may sufficiently state an Eighth Amendment claim if he alleges facts raising an inference that prison officers subjected him to excessive force, and that they "did so maliciously and sadistically." *Sims*, 230 F.3d at 22.

For purposes of this initial review, the plaintiff has stated a plausible Eighth Amendment misuse of force claim based on his allegations that Officer DeJesus intentionally closed the cell door on his shoulder for the purpose of injuring him. The plaintiff has established the objective element because his allegations that he experienced pain and required medical attention and physical therapy indicate that Officer Jesus's conduct caused him more than a *de minimus* injury. Relevant to the subjective element, his allegations that Officer DeJesus intentionally sought to injure him, that he disregarded Warden Mulligan's order, and that he delayed opening the door suggest that Officer DeJesus may have been motivated by malice rather than a good faith effort to maintain discipline when he closed the door on the plaintiff's shoulder. The court will also permit the supplemental state common law claims for assault and battery to proceed at this time.

## IV.   ORDERS

The Court enters the following orders:

(1) The case shall proceed against Correction Officer DeJesus on the plaintiff's claims of violation of the Eighth Amendment and state common law assault and battery.

(2) The clerk shall verify the current work address of Correction Officer DeJesus, who is alleged to work at MacDougall-Walker Correctional Institution, with the DOC Office of Legal

Affairs, mail a waiver of service of process request packet containing the complaint to him at his confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If the defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on the defendant, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall mail a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(4) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. The defendant may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive

motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)  If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(11) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court.

_____/s/_____
Michael P. Shea
United States District Judge

**SO ORDERED** this 20th day of May 2020, at Hartford, Connecticut.